William C. Hecht, Jr., J.
Petitioner seeks to annul respondent’s determination denying its protest over the refusal of respondent to permit the execution of a statutory lease at 15% above the maximum rent established in a fair return proceeding until the order is physically issued irrespective of whether at the time of execution of the lease the rent then in effect is subject to a nunc pro tunc retroactive adjustment under the 1957 amendment to the rent control act.
The litigants have set forth the pertinent legislative history, administrative rulings and mathematical examples in support of their respective positions which I do not deem it necessary to repeat here in detail.
In my view the issue is quite plain. It narrows down to the question of what is the figure to be taken as the maximum rent upon which the statutory voluntary 15% increase is to be calculated at the time the lease is signed.
Petitioner concedes that the sole limitation in the statute is that the rent be not in excess of 15% above the maximum rent. It argues in effect that it is entitled to the 15% voluntary increase plus an anticipated hardship increase which respondent may eventually allow, on the theory that the law fixes the effective date of orders of rent adjustment at two months from the date of filing, and that respondent ignores the fundamental concept of a nunc pro tunc order and attempts to avoid the legislative intention to minimize hardships arising out of administrative delays.
Bespondent contends that his interpretation of subdivision 2 of section 33 of the regulations is wholly valid since a lease that pyramids upon a voluntary 15% increase a conjecturally anticipated hardship increase which may be allowed at some remote future date, circumvents the letter and spirit of the rent act. He takes the position that retroactive increase and decrease orders do not change the legal maximum rent until the actual issuance of the order. A voluntary lease 15% increase must be computed on the basis of the maximum rent actually in existence on the lease date.
From an analysis of the decisions in cases dealing with variations of the 15% voluntary rent increases in exchange for two-year leases, and of the 1957 amendment, it is fair to state that respondent is correct in his assertion that petitioner seeks to nullify the effect of the statutory scheme intended to accomplish security for tenants by virtue of full two-year leases and increases for landlords without the necessity for long, drawn out hardship applications, by a misreading of an unrelated 1957 amendment.
*1100 In- brief, I agree with respondent that the 15%■ voluntary increase should be based upon the maximum rent as it exists at the time of the execution of . the lease — the rent then in effect — and that it cannot be some “ hypothetical future rent, entirely contingent as to its amount, its time and its very existence
Petitioner has failed to establish that there is no warrant for the order which respondent issued. Consequently, the application is denied and the petition is dismissed.